UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONDELL EARL VIRGIL,<br><br>   Plaintiff,<br><br>   v.<br><br>CDCR, *et al.*,<br><br>   Defendants. | Case No. 2:20-cv-01373-JAM-JDP (PC)<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>(1) FILE AN AMENDED COMPLAINT; OR<br><br>(2) NOTIFY THE COURT THAT HE WISHES TO STAND BY HIS COMPLAINT, SUBJECT TO DISMISSAL OF CLAIMS AND DEFENDANTS<br><br>ECF No. 19<br><br>SIXTY-DAY DEADLINE |

Plaintiff Rondell Earl Virgil is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. He alleges that numerous "Doe" defendants violated his Eighth Amendment rights by moving him from general population to the sensitive needs yard ("SNY"). ECF No. 19 at 7-9. Plaintiff claims that the defendants knew that he would be assaulted once he was placed in the sensitive needs yard. *Id.* at 9. I find, for the reasons stated below, that the complaint does not state a cognizable claim, but I will give plaintiff leave to amend.

1

## Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

2

**Analysis**

Plaintiff has named fifteen "Doe" defendants, whom he alleges were collectively responsible for forcing him into SNY. ECF No. 19 at 6, 9. He describes these defendants as holding positions ranging from correctional officers to "executive level staff within the California Department of Corrections and Rehabilitation." *Id.* at 6. At no point in the complaint does plaintiff differentiate between these various defendants by describing what actions each is alleged to have taken or failed to take. As such, he has failed to state a cognizable claim against any of the defendants. *See Davis v. Grase*, No. 1:18-cv-01668-DAD-SAB (PC), 2019 U.S. Dist. LEXIS 108121, *10-11 (E.D. Cal. 2019). If this action is to proceed, even against "Doe" defendants, plaintiff must explain how each defendant was responsible for his injuries.

I will give plaintiff leave to amend his complaint before recommending dismissal of this action. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint must be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff must assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is ORDERED that:

1. Within sixty days from the service of this order, plaintiff must either file an Amended Complaint or advise the court he wishes stand by his current complaint.
2. Failure to comply with this order may result in the dismissal of this action.
3. The clerk's office is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated: __April 19, 2021__   _____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE